IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jamar L. Lenton, | ) | Case No.: 7:24-cv-01038-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Dejuan Shell, Kathleen Davis, and | ) | |
| Sergeant Mattison, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 29.) Plaintiff Jamar L. Lenton ("Plaintiff" or "Lenton"), proceeding *pro se*, sues Defendants Dejuan Shell, Kathleen Davis, and Sergeant Mattison (collectively "Defendants"), pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.

Plaintiff's complaint alleges the following facts:

Officers K. Davis and D. Shell were called to Shakin D's in Spartanburg on 2-29-22 for verbal disagreement with bar owner. Both officers insinuated to my tow truck drive[r] I was not going to pay him and he left. Both officers did detain me for free speech and arrested me at the order of Sgt. Mattison for asking who have a[u]thority to allow me to have my car towed.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(DE 1 at 5). Lenton also claims that the officers "reinjured [his] right shoulder during the arrest" and that Officer Shell choked him while he was restrained in handcuffs. (*Id.*) For relief, he seeks "$350,000 for pain, suffering, attorney fees and lost wages from work." (*Id.*)

Before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim (DE 22). Plaintiff responded in opposition on September 6, 2024. (DE 26.) To date, Plaintiff has not filed proof of service as to any defendant, requested an extension of time for service, or otherwise responded to the July 31 order.[2]

The Report was issued on November 11, 2024, recommending that Plaintiff's Complaint be dismissed under Rule 12(b)(5) due to his failure to comply with Rule 4(m). (DE 29.) Plaintiff did not object to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 29 ) and incorporates it here by reference.

---

[2] Plaintiff's 90-day window for service began on April 12, 2024, when the court authorized service and the Clerk's Office issued the summonses. As of the date of the Report, seven months have elapsed. Additionally, the court has twice warned Plaintiff that failure to timely serve Defendants could result in dismissal of his claims against them. (DE 14, DE 19.)

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED**.

                                                Joseph Dawson, III
                                                United States District Judge

Florence, South Carolina
December 27, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.